IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD ALLEN,

      Plaintiff,

vs.

RODEY, DICKASON, SLOAN,
AKIN & ROBB, P.A., and DOES 1-25,
Inclusive.

      Defendants.

No. 1:12-cv-00169-PJK-WDS

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant's Motion for Summary Judgment, filed April 5, 2012 (Doc. 7).  Upon consideration thereof, the motion is well taken and should be granted.

Background

Plaintiff Donald Allen filed this diversity suit against Rodey, Dickason, Sloan, Akin & Robb, P.A. ("Rodey firm"), seeking $240 million in damages and equitable and declaratory relief.  The complaint also names various "Does" in its caption and body (Doc. 1 (Complaint), ¶ 13 at 6), but does not allege any particular wrongdoing by them, nor have they been served.  Courts generally permit a plaintiff to sue unnamed defendants, but the plaintiff must "provide[ ] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."  Roper

v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996).  As no specific allegations are made against the "Does," the court will dismiss them without prejudice.

As to the Rodey firm, Mr. Allen alleges breach of fiduciary duty and fraud in connection with a venture to create a "high-end vacation luxury ocean liner" called "The Orphalese."  Doc. 1, ¶ 3 at 2; ¶ 8 at 5.  After years of development, the venture, insofar as Mr. Allen is involved, appears to have foundered.  Mr. Allen filed for bankruptcy in January 2011 and has repeatedly sued the Rodey firm.  He first sued in Nevada state court (filed in September 2007; dismissed on the merits in July 2010, Orphalese Holdings, Inc., v. Frontier Partners, No. A547636-B (Nev. Dist. Ct., Clark County July 2, 2010); in California federal court (filed May 2009; dismissed for lack of personal jurisdiction on January 20, 2010, Allen v. Rodey, Dickason, Sloan, Akin & Robb, P.A., No. CV 09-3765-PSG (C.D. Cal. Jan. 20, 2010)); and in California state court (filed October 2011; dismissed for lack of personal jurisdiction on January 3, 2012; Allen v. Orphalese Holdings, Inc., Nos. BC391409, BC451953 (Cal. Super. Ct. Los Angeles County Jan. 3, 2012)).  The Rodey firm denies any wrongdoing and asserts multiple defenses, including that the breach of fiduciary duty and fraud claims are time-barred.

Beginning in 2007, the Rodey firm represented Frontier Partners, a group of investors led by David Robb; Mr. Allen claims that the Rodey firm represented *him*, too, though the court need not resolve that issue.  On May 29, 2007, Mr. Allen received copies of Rodey-prepared closing documents but saw his signature in places he had not signed.

Doc. 14 at 4, item numbered "3."  That September a Nevada attorney for Mr. Allen sent a letter to the Rodey firm advising it to "notify" its malpractice carrier, charging the firm with faulty tax advice, a conflict of interest, and participation in a "conspiracy to seize control" of the project from Mr. Allen on behalf of Mr. Robb.[1]  Doc. 7-1 at 10-13.  The letter also complained about the closing documents and Mr. Allen's lack of access to all of them.  Doc. 7-1 at 11.  A week later, Mr. Allen filed his complaint in Nevada state court.  He testified in a December 2008 deposition that Mr. Robb "forged signatures on the closing documents . . . .  They took a signature page from one document and put it on another."  See Doc. 7-1 at 24.  A brief in the Nevada case, prepared March 7, 2008, claimed that Mr. Allen "established that Defendants David Robb, Frontier Partners, and the Rodey Firm have already presented forged/altered documents."  See Doc. 7-1 at 32.

## Discussion

Summary judgment should be granted if the movant shows that there is no genuine issue of material fact and the movant is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The court views the facts in the light most favorable to the non-movant, but the non-movant must demonstrate with significantly probative evidence that a genuine issue of material fact remains.

---

[1] Mr. Allen objects to consideration of the letter on hearsay grounds.  Doc. 16. The objection is without merit and will be overruled.  The statements contained in the letter are not asserted for their truth and they are also statements of a party-opponent.  See Fed. R. Evid. 801(c), (d)(2)(C).

Mr. Allen sues under two theories, fraud and "breach of fiduciary duties."  Doc. 1 at 1; at 9-10.  The Rodey firm interprets the latter as a claim for legal malpractice or possibly breach of contract, Doc. 7 at 9 & 18, but Mr. Allen expressly disclaims suing for professional negligence or malpractice, Doc. 14 at 6-7.  Though his label cannot itself control, Mr. Allen's theory of suit is otherwise his to choose.  Since he disclaims negligence and identifies no breached contract, we take his "breach of fiduciary duties" to state a *tort* claim.

New Mexico, the forum state, has a three-year limitation period on tort claims. N.M. Stat. § 37-1-8; Sam v. Sam, 134 P.3d 761, 763 (N.M. 2006).  Time begins to accrue when the claimant knows or with reasonable diligence should have known of the injury and its cause.  Gerke v. Romero, 237 P.3d 111, 115 (N.M. Ct. App.  2010).  The period is not tolled "simply because a plaintiff does not know the full extent of her injury; the statute begins to run once she knows or should know sufficient facts to constitute a cause of action."  Martinez-Sandoval v. Kirsch, 884 P.2d 507, 513 (N.M.App. 1994); Roberts v. Southwest Community Health Services, 837 P.2d 442, 450 (N.M. 1992).  Fraud claims, meanwhile, are subject to a four-year limitations period, N.M. Stat. § 37-1-4, which begins to run upon "discovery of such facts as would, on reasonable diligent investigation, lead to knowledge of [the] fraud."  Wilde v. Westland Dev. Co., 241 P.3d 628, 633 (N.M. Ct. App. 2010); N.M. Stat. § 31-1-7.

Whether sounding in tort or fraud, Mr. Allen's claims rest on the same alleged

misdeeds: bad advice, conflict of interest, and unauthorized use of signatures.  Mr. Allen does not deny (nor could he) that the first two problems were known to him over four years ago.  The question, then, is when Mr. Allen knew or with reasonable diligence should have discovered that the "forgeries" were the supposed work of the Rodey firm. He claims he only learned of them on February 26, 2009, after Rodey lawyer Justin Horwitz "admitted" to the act.  Doc. 14 at 4.  He points out that the Nevada notice letter makes no mention of "forgery."  It does mention the closing documents and many alleged problems with them.  Doc. 7-1 at 11.  Certainly Mr. Allen's suspicions, if not ire, were aroused upon receiving pages displaying signatures which he says he never made.  This is not the sort of thing one ordinarily lets pass, yet without inquiring into how they appeared falsely or who had the documents last, Mr. Allen apparently rested on the assumption that Mr. Robb was the culprit and looked no further.  Reasonable diligence required an effort in 2007 to inquire further (and certainly of both Mr. Robb and the Rodey firm) into how his signatures were affixed to the closing documents he received.  That was more than four years before he filed this suit. Mr. Allen's claims that he did not receive all of the closing documents or that David Robb only later would deny making such "forgeries" or instructing anyone to do so, cannot overcome the notice he did have outside the limitations period.

    None of Mr. Allen's other causes of action need be addressed.  Two— "apportionment of fault" and "equitable indemnity"—are doctrines of damages and recovery, not independent theories of liability.  The final claim, for declaratory relief,

depends on the resolution of the fraud and breach of fiduciary duty claims.

Mr. Allen also suggests that, even if the clock began to run in 2007, his bankruptcy filing in January 2011 "automatically stayed all litigations" and tolled the statute of limitations.  Doc. 14 at 3.  This contention must be rejected.  A bankruptcy stay, under 11 U.S.C. § 362(a)(1), applies to proceedings "*against* the debtor" (emphasis added).  TW Telecom Holdings, Inc., v. Carolina Internet Ltd., 661 F.3d 495, 497 (10th Cir. 2011).  His argument that the limitations period on the "indemnity claim" does not "begin to run" until a California state court resolves the suit against him by his former counsel, Ms. Victoria Jin.  Doc. 14 at 6; Jin v. Orphalese Holdings, Inc., No. BC451953 (Cal. Super. Ct. Los Angeles County May 6, 2011), fares no better.  That suit does not bear on his knowledge of the Rodey firm's "forgeries."

Finally, Mr. Allen's brief may imply that his actions against the Rodey firm in California state and federal court tolled the statute of limitations, Doc. 14 at 2-3.  Under New Mexico's savings statute, when a plaintiff's action fails for any reason except negligence, a second suit commenced within six months thereof is deemed a continuation of the failed action.  N.M. Stat. Ann. § 37-1-14.  But this does not apply to his federal action, dismissed two years before the instant one was filed.  Nor does it apply to the state action, since the statute does not operate when the parties are not "substantially" the same; in California Ms. Victoria Jin sued Orphalese Holdings *and* Mr. Allen, who filed a *cross-complaint* against the Rodey firm, in addition to Orphalese Holdings, and numerous

unnamed defendants.  <u>Rito Cebolla Investments, Ltd., v. Golden West Land Corp.</u>, 607
P.2d 659, 666 (N.M. Ct. App. 1980).

     NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

     (1) Defendants Does 1-25 are dismissed without prejudice;

     (2) Plaintiff's Objection to Defendant's Summary Judgment Evidence (Exhibit C),
filed April 17, 2012 (Doc. 16), is overruled;

     (3) Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to
Defendant's Motion for Summary Judgment, filed April 17, 2012 (Doc. 15), is granted;

     (4) Plaintiff's Request for a Hearing on the Defendant's Summary Judgment
Motion (Doc. 14), is denied; and

     (5) Defendant's Motion for Summary Judgment, filed April 5, 2012 (Doc. 7), is
granted.

     DATED this <u>17th</u> day of May 2012, at Santa Fe, New Mexico.

*Paul Kelly Jr.*

United States Circuit Judge

Sitting by Designation

Counsel:
Donald V. Allen, pro se.

Charles K. Purcell, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New
Mexico, for Defendant.